UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN L. HARRIS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>G. RICHARD BEVAN; JEFF M. BRUDIE; JEFF NYE; JULIA A. CROSSLAND; and ACLU OF IDAHO,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-00559-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Steven L. Harris's initial Complaint (Dkt. 1) because of Plaintiff's status as an inmate and in forma pauperis request. Plaintiff later filed an Amended Complaint (Dkt. 8) pursuant to the Court's Notice of Noncompliance with General Order 342 and Order to Amend (Dkt. 7).

A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file a second amended complaint if Plaintiff intends to proceed.

1.    **Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

2.    **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction. Plaintiff claims that Defendants have failed to respond to Plaintiff's letters and complaints about the judge, prosecutor, and defense attorney in Plaintiff's state criminal case.[1]

---

[1]    The Amended Complaint also asserts three other types of claims against different Defendants. The Court previously severed those claims into new actions. (Dkt. 13). Accordingly, this case is proceeding

Specifically, Plaintiff contends that he made such complaints to Chief Justice G. Richard Bevan of the Idaho Supreme Court and that Chief Justice Bevan did not respond or take action on the complaints. (*Am. Compl*., Dkt. 8, at 4). Plaintiff also contends that Jeff Brudie of the Idaho Judicial Council "refuse[d] to act" on Plaintiff's letter complaining about misconduct in his criminal case. (*Id*. at 6).

Deputy Attorney General Jeff Nye also allegedly did not respond to a civil rights complaint that Plaintiff mailed to Nye in September 2024. (*Id*. at 8). Plaintiff appears to allege that mailing the complaint was proper service of process and, therefore, Nye was obligated to appear and defend against the complaint.

Plaintiff also contends that Julia Crossland, deputy bar counsel for the Idaho State Bar, should have responded to the information Plaintiff provided her about the alleged misconduct in Plaintiff's criminal case. Plaintiff claims that Crossland "knew the public defender system was unconstitution[al] [and] corrupted" but did not respond to Plaintiff's "clear [and] convincing evidence" of misconduct. (*Id*. at 14).

Finally, Plaintiff claims that he informed the ACLU of Idaho that Plaintiff's civil rights were being violated as a result of the alleged misconduct, but that Plaintiff did not receive a response. (*Id*. at 10).

Plaintiff asserts violations of the First, Sixth, and Fourteenth Amendments to the Constitution.

---

only as to Plaintiff's failure-to-respond claims against Defendants Bevan, Brudie, Nye, Crossland, and ACLU of Idaho. (*See id*.).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

### 3. Discussion

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff twenty-eight days to amend the Complaint. Any amended complaint should take into consideration the following.

#### A. *Standards of Law Governing Plaintiff's Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

#### B. *The Amended Complaint Fails to State a Plausible First Amendment Claim*

Plaintiff's First Amendment claims assert that Defendants should have responded to, and taken action upon, Plaintiff's complaints to them about alleged misconduct during the course of Plaintiff's state criminal proceedings.

The First Amendment includes the right "to petition the government for a redress of grievances." U.S. Const., amend. I. However, an individual's "right to petition the government is a right of expression" *only*—it "does not guarantee a response to the petition or the right to compel government officials to act on the petition." *Chacon v. Diaz*, 2020 WL 7220459, at *5 (C.D. Cal. Nov. 25, 2020) (unpublished), *report and recommendation adopted*, No. ED-CV-20-1898-JWH (KS), 2021 WL 275924 (C.D. Cal. Jan. 27, 2021), *aff'd*, No. 21-55182, 2025 WL 799485 (9th Cir. Mar. 13, 2025).

Here, it is clear from the face of the Amended Complaint that Plaintiff's right to petition for redress was not violated. Plaintiff acknowledges that he sent letters of complaint to the various Defendants. But Plaintiff was not entitled to a response from these Defendants. Therefore, Plaintiff's First Amendment claims are implausible.

Plaintiff's claim against the ACLU of Idaho is implausible for the additional reason that the Defendant is not a state actor. Section 1983 does not provide a remedy for purely private conduct, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988). Because the ACLU of Idaho was not acting under color of state law, the Complaint fails to state a plausible § 1983 claim against that Defendant.

Additionally, to the extent Plaintiff claims that mailing a copy of a civil rights complaint to Deputy Attorney General Nye constituted proper service of process in another litigation, Plaintiff is mistaken.

The Federal Rules of Civil Procedure provide three ways in which a plaintiff may properly serve a defendant:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Mailing a copy of a complaint to a defendant or a defendant's counsel is not sufficient service of process. Thus, any claim based on Nye's failure to respond is implausible.

### C.     The Amended Complaint Fails to State a Plausible Sixth or Fourteenth Amendment Claim

Plaintiff's Sixth and Fourteenth Amendment claims appear to assert that Plaintiff was denied due process and the effective assistance of counsel in his criminal proceedings. Success on these claims would require a finding that Plaintiff's conviction violates the Constitution.

As a result, these claims are likely subject to dismissal under the doctrine announced by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a § 1983 action "is barred if—but only if—success in the action . . . would necessarily imply or demonstrate that the plaintiff's earlier conviction was invalid." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022) (en banc) (internal quotations and citation omitted). To overcome this bar, a plaintiff must show either that (1) the action, if successful, would *not* necessarily "demonstrate the invalidity of any outstanding criminal judgment" or (2) "the conviction or sentence has already been invalidated." *Id.* at 1005 (quoting *Heck*, 512 U.S. at 487).

Plaintiff does not allege that his state court conviction, which resulted from the criminal proceedings of which he complaints, has been overturned or otherwise invalidated. If Plaintiff were to succeed on his claims that he was denied due process or the effective assistance of counsel in that case, it would would necessarily imply the invalidity of the resulting conviction. Thus, these claims appear *Heck*-barred.

In any second amended complaint, Plaintiff must explain how the criminal proceedings of which he complains relate to his current incarceration.

### 4.     Standards for Amended Complaint

If Plaintiff chooses to further amend the Amended Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v.*

*Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson*, 588 F.2d at 743. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any second amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach*

*Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Second Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files a second amended complaint, Plaintiff must also file a "Motion to Review the Second Amended Complaint." If Plaintiff does not amend within twenty-eight days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has twenty-eight days within which to file a second amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[2]

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

2. If Plaintiff does not file a timely second amended complaint, this case may be dismissed without further notice.

3. Because a second amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in a second amended complaint.

DATED: April 16, 2025

Amanda K. Brailsford
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9