UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN L. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>G. RICHARD BEVAN; JEFF M. BRUDIE; JEFF NYE; JULIA A. CROSSLAND; and ACLU OF IDAHO,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00559-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to file a second amended complaint. *See Initial Review Order*, Dkt. 14.

　　　　Plaintiff has now filed a Motion to Review Amended Complaint, which attaches what appears to be the Second Amended Complaint itself. Dkt. 18. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

　　　　Having reviewed the Second Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

**1.　　Screening Requirement and Pleading Standard**

　　　　The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

**2.   Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff asserts that Defendants have failed to appropriately respond to Plaintiff's letters and complaints about the judge, prosecutor, and defense attorneys in Plaintiff's state criminal case. Plaintiff seeks monetary damages. *See* Dkt. 19.

Plaintiff has not plausibly alleged that Defendants violated his First Amendment right to petition the government for redress of grievances. As the Court explained in the Initial Review Order, it is clear from the face of the pleadings that Plaintiff was able to submit his complaints to Defendants. Dkt. 14 at 4–5. This is all the right to petition requires. *See Smith v. Arkansas State*

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2

*Highway Emp., Loc. 1315*, 441 U.S. 463, 465 (1979) (stating that an individual has a First Amendment right to "speak freely and petition openly, and . . . is protected by the First Amendment from retaliation for doing so," but that the First Amendment "provides no guarantee that a speech will persuade or that advocacy will be effective"); *Chacon v. Diaz*, 2020 WL 7220459, at *5 (C.D. Cal. Nov. 25, 2020) (unpublished) (stating that the right to petition "does not guarantee a response to the petition or the right to compel government officials to act on the petition"), *report and recommendation adopted*, No. ED-CV-20-1898-JWH (KS), 2021 WL 275924 (C.D. Cal. Jan. 27, 2021), *aff'd*, No. 21-55182, 2025 WL 799485 (9th Cir. Mar. 13, 2025).

Plaintiff has also failed to assert plausible Sixth and Fourteenth Amendment claims that he was denied due process and the effective assistance of counsel in his state court criminal proceedings. As the Court previously explained, *see* Dkt. 14 at 6, if Plaintiff were to succeed on these claims, it would necessarily imply that his conviction is invalid. Because Plaintiff has not shown that the conviction has been overturned or otherwise called into question, these claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

For the foregoing reasons, the Second Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

### 3. Conclusion

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Second Amended Complaint without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses

to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 18) is GRANTED.

2. The Second Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 14), this entire case is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). Plaintiff's First Amendment claims are dismissed with prejudice. Plaintiff's Sixth and Fourteenth Amendment claims are dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (holding that a dismissal under *Heck v. Humphrey* must be without prejudice so that, if the conviction is later invalidated, the plaintiff can reassert the claims).

3. Plaintiff's Motion for Nominal, Punitive, and Compensatory Damages and Plaintiff's Motion for Civil Rights Complaint (Dkts. 19 and 20) are DENIED as moot.



DATED: September 17, 2025

Amanda K. Brailsford
U.S. District Court Judge